**Victor DE CASTRO ENCARNACION, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–72951.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 4, 2006.*

Filed Dec. 8, 2006.

Helen B. Zebel, Law Office of Helen B. Zebel, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Greg D. Mack, Margot L. Nadel, U.S.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Department of Justice, Civil Div./Office of Immigration Lit., Rachel Dougan, U.S. Department of Justice, Environment & Natural Resources Division, Washington, DC, for Respondent.

Before GOODWIN, LEAVY, and FISHER, Circuit Judges.

### MEMORANDUM\*\*

Victor De Castro Encarnacion, a native and citizen of the Philippines, petitions for review of the Board of Immigration Appeals' ("BIA") order adopting and affirming the Immigration Judge's ("IJ") order denying asylum and withholding of removal. We have jurisdiction under 8 U.S.C § 1252. We review for substantial evidence. *Malhi v. INS*, 336 F.3d 989, 992–93 (9th Cir.2003). We deny the petition for review in part and grant in part for the limited purpose of remanding for further proceedings regarding voluntary departure.

Substantial evidence supports the IJ's adverse credibility determination. *Li v. Ashcroft*, 378 F.3d 959, 964 (9th Cir. 2004). Encarnacion omitted from his asylum application his relocation to various provinces within the Philippines and the fearful reactions of the mayors who insisted he keep moving. These omissions went to the "heart of his claim" of persecution. *See Chebchoub v. INS*, 257 F.3d 1038, 1043 (9th Cir.2001).

The IJ granted voluntary departure for a 60-day period and the BIA streamlined and changed the voluntary departure to 30 days. In *Padilla–Padilla v. Gonzales*, 463 F.3d 972, 981 (9th Cir.2006), we held "that because the BIA issued a streamlined order, it was required to affirm the entirety of the IJ's decision, including the length of the voluntary departure period." We therefore remand to the agency for further proceedings regarding voluntary departure.

**PETITION FOR REVIEW DENIED in part and GRANTED in part; REMANDED.**

---

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

